IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD FLOYD, )<br>No. M18688, )<br>   )<br>   Plaintiff, )<br>   )<br>   vs. )<br>   )<br>RICHARD MOORE, )<br>LT. SMOLAK, and )<br>RICHARD HARRINGTON, )<br>   )<br>   Defendants. ) | Case No. 14-cv-00444-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Edward Floyd, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the alleged failure of Major Richard Moore and Lieutenant Smolak to protect Plaintiff from sexual assault.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

## The Complaint

According to the complaint, Plaintiff Floyd was sexually assaulted by his cellmate in February 2014, after which Plaintiff had to spend 12 days in the medical unit because of the resulting psychiatric trauma. When Plaintiff was released from the health care unit on February 25, 2014, he informed Major Moore and Lieutenant Smolak about the sexual assault, but the officers said they had no sympathy for him because he was a convicted child molester. They ordered Plaintiff to return to the cell with his assailant.

On March 4, 2014, Warden Richard Harrington approved Plaintiff's request for protective custody. When Plaintiff presented the approval to Major Moore and Lieutenant Smolak and requested that he be moved, Moore and Smolak again ordered Plaintiff to return to the cell with his assailant. Plaintiff was then threatened by his cellmate and forced to repeatedly perform oral sex over a four-day period. Plaintiff was finally moved to protective custody on March 9, 2014.

Plaintiff seeks declaratory judgment, compensatory and punitive damages, and an injunction prohibiting prison officials from celling Plaintiff with any "predators and violent prisoners." Warden Harrington is named as a defendant only for purposes of injunctive relief (*see* Doc. 1, p. 2). The defendants are sued in their official and individual capacities.

Based on the allegations in the complaint, the Court finds it convenient to frame the *pro se* action as a single count:

> **Count 1: Major Moore and Lieutenant Smolak violated the Eighth Amendment when they failed to protect Plaintiff Floyd from sexual assault.**

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials have a duty under the Eighth Amendment to protect inmates "from violence at the hands of other inmates." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir.2002). A prison official can be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"—if he is deliberately indifferent. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

The complaint states a colorable Eighth Amendment claim relative to Major Moore and Lieutenant Smolak. Therefore Count 1 shall proceed against Moore and Smolak. With that said, a few other details must be sorted out.

Individual capacity suits seek to impose personal liability upon a government official for actions taken under color of state law—focusing on the constitutional torts of the individual. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Monetary damages are an available remedy for individual capacity claims. *See, e.g., Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012). An individual capacity suit requires a showing of personal involvement by the government actor. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995). Official capacity suits, in contrast, are a way of suing the governmental entity of which the defendant official is an agent. *Graham*, 473 U.S. at 166. Liability stems from the execution of an official policy, practice or custom by a government official. *See*, e.g., *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir.2011) (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)). However, the Eleventh Amendment precludes an award of monetary damages in an official capacity suit, including punitive

damages, leaving declaratory and injunctive relief as possible remedies. *See* 42 U.S.C. § 1981a(b)(1); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010).

The complaint specifies that Warden Harrington is named as a defendant only for purposes of injunctive relief. Plaintiff has correctly recognized that the warden, in his/her official capacity, is responsible for ensuring the injunctive relief is carried out (even if there are no other claims of involvement in the events at issue). However, no official policy or custom has been alleged. Consequently, Warden Harrington and the prayer for injunctive relief will be dismissed without prejudice.

Major Moore and Lieutenant Smolak are sued in their official and individual capacities for monetary damages and declaratory relief. Monetary damages are only available against these defendants in their individual capacities. Furthermore, because there is no official policy or practice alleged, the prayer for declaratory relief shall also be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **RICHARD HARRINGTON** and the prayer for injunctive relief are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against **MAJOR RICHARD MOORE** and **LIEUTENANT SMOLAK** *only* in their individual capacities for monetary damages. All official capacity claims against **MAJOR RICHARD MOORE** and **LIEUTENANT SMOLAK**, including the prayer for declaratory relief, are **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendants **MAJOR RICHARD MOORE** and **LIEUTENANT SMOLAK** : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to

mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2014**

                                          s/ *Michael J. Reagan*
                                          **MICHAEL J. REAGAN**
                                          **UNITED STATES DISTRICT JUDGE**